

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. 0-6466
Re: Authority of Waller County
to spend money for the pur-
chase of several Commission-
ers' Court Guide Books for
the use by each member of
the Commissioners' Court,
County Auditor and/or other
county officials.

Your letter of June 23, 1945, requesting an opinion
from this department is, in part, as follows:

"I shall appreciate your opinion as to
whether Waller County may legally expend money
for the purchase of several Commissioners' Court
Guide Books for use by each member of the Commis-
sioners' Court, County Auditor, and/or other
county officials.

"You are no doubt familiar with this publi-
cation, which is sold by The Steck Company, Austin,
Texas.

"I should also like for your opinion to in-
clude other books such as Attorney Generals' Opinion
Volumes, yearly Supplement to Texas Statutes, General
and Special Law volumes of each legislative session,
etc.

"If the Commissioners' Court determines that
such books are needed by various officers, can the
county legally pay for such books, or should this
expense be borne personally by the officer requir-
ing same?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

Honorable W. P. Herms, Jr., page 2

The Commissioners' Court is a court of limited juris-
diction and has only such powers as are conferred upon it
by the Constitution and statutes of this State by express
terms or by implication. Von Rosenberg v. Lovett, 173
S. W. 508; Miller v. Brown, 216 S. W. 452; Howard v. Hender-
son County, 116 S. W. (2d) 479; Galveston, H.& S.A.Ry. Co.
v. Uvalde County, 167 S. W. (2d) 1084; 11 Tex. Jur. 564.

In our Opinion No. O-5347, a copy of which is hereto
attached, this department held that the commissioners'
court did not have the authority to expend county funds for
the purchase of Vernon's Annual Pocket Parts to be furnished
to the district clerk.

We wish to call your attention to Article 4335, V.A.C.S.,
whereby the Secretary of State is authorized to furnish one
copy of each of all general and special laws passed by the
Legislature to the judge of the several courts throughout
the State, and the clerks of said courts, and each county
attorney; and the Secretary of State is also authorized to
furnish one copy each of all general laws to the county
treasurer, county surveyor, sheriff, county tax assessor
and collector, inspector of hides and animals, justice of
the peace, constable and county commissioner.

Art. 1650, V. A. C. S., as amended, provides that
the county auditor shall be authorized to provide himself
with all necessary ledgers, books, records, blanks station-
ery, equipment, telephone and postage at the county's ex-
pense, but all purchases thereof shall be made in the manner
provided for by law.

Under the familiar rule of construction known as
"ejusdem generis", books mentioned in Article 1650, supra,
could not reasonably be construed to include "Commissioners'
Court Guide Books," "Attorney Generals' Opinion Volumes,"
and "Supplement to Texas Statutes."

We know of no provision in the Constitution or
statutes of this State which confers upon the Commissioners'
Court the power to expend county funds for the purchase of

Honorable W. F. Herms, Jr., page 3

the books referred to in your request. We, therefore, answer your questions in the negative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By              J. C. Davis, Jr.
                   J. C. Davis, Jr.
                    Assistant

ATTORNEY GENERAL OF TEXAS

By              John Reeves

JR:LJ
encl.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN